UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JONATHAN RAMOS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil No. 3:17-30050-MGM |
| | ) | |
| | ) | |
| CITY OF SPRINGFIELD, POLICE | ) | |
| OFFICER MATTHEW RIEF, | ) | |
| COMMISSIONER JOHN R. BARBIERI, | ) | |
| MAYOR DOMENIC J. SARNO, and | ) | |
| OFFICER HERMINIO RIVAS, Jr., | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION REGARDING CITY OF SPRINGFIELD
AND MAYOR DOMENIC J. SARNO'S MOTION TO DISMISS FOR
FAILURE TO PROVIDE DISCOVERY
(Dkt. No. 53)

ROBERTSON, U.S.M.J.

Presently before the court is the motion of defendants City of Springfield and Mayor

Domenic J. Sarno to dismiss the complaint of Plaintiff Jonathan Ramos ("Plaintiff" or "Ramos")

for Plaintiff's failure to prosecute his case. The motion was referred to the undersigned for

report and recommendation (Dkt. No. 55). *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72.

For the reasons that follow, I recommend that the motion be DENIED. I further recommend that

Plaintiff's counsel be sanctioned $1,000, payable to the Clerk of Court, for the delay in

prosecuting this case and for failing to comply with a court order.

I.    Relevant Background

Plaintiff filed his complaint on April 24, 2017, alleging, in pertinent part, that, on April

26, 2014, defendant police officer Matthew Rief ("Rief"), responding to a domestic disturbance

at Plaintiff's family's home, used excessive force in violation of Plaintiff's Fourth Amendment rights, including hitting Plaintiff in the head with a retractable baton and spraying him with pepper spray (Dkt. No. 1, Compl., ¶¶ 27-28, 41, 185). Reif arrested Plaintiff, who was charged with assault and battery on an officer, disorderly conduct, and resisting arrest (Compl., ¶ 77). Ramos was convicted of resisting arrest and acquitted of the remaining charges (Compl., ¶ 78). Plaintiff was appealing his conviction for resisting arrest when this case was filed (Compl., ¶ 78 n.1).

The following somewhat tedious recitation of the case's procedural history provides necessary context for this court's recommendation that the court deny the defendants' motion to dismiss this case with prejudice. This court held a scheduling conference pursuant to Fed. R. Civ. P. 16(b) on August 16, 2017 and entered a scheduling order that required the parties to exchange automatic disclosures by September 14, 2017, serve initial written discovery requests by November 13, 2017, and complete non-expert discovery by March 13, 2018 (Dkt. No. 16). On October 20, 2017, the defendants moved to compel Plaintiff to serve his initial disclosures (Dkt. No 18), which he did on or around November 14, 2017 after entry of a court order requiring him to do so (Dkt. No. 20).

In the meantime, Plaintiff's direct appeal of his state court conviction was unsuccessful. He followed it with a motion for a new trial filed in the state district court pursuant to Mass. R. Crim. P. 30 (Dkt. No. 24). On December 26, 2017, Plaintiff moved to stay discovery in this case based on the pendency of the motion for a new trial on the ground that answering interrogatories and giving deposition testimony would impair his rights under the Fifth and Sixth Amendments to the United States Constitution and Article 12 of the Massachusetts Declaration of Rights (Dkt. No. 24-1). The defendants did not oppose the stay (Dkt. No. 28). After hearing, the court stayed

2

discovery, directing Plaintiff to file a report by April 6, 2018 informing the court and the opposing parties about the status of his state court motion for a new trial (Dkt. No. 29). Plaintiff filed his status report a month late, on May 8, 2018 (Dkt. No. 30) and requested that the stay of discovery be extended. The court extended the stay, ordering Plaintiff to file a further status report by August 9, 2018 (Dkt. No. 31). Plaintiff filed a further status report on August 9, 2018, reporting that the district court division of the Massachusetts trial court held a June 19, 2018 hearing and took Plaintiff's motion for a new trial under advisement. Plaintiff requested a further extension of the stay of discovery (Dkt. No. 32). The court extended the stay and ordered Plaintiff to file a further status report by October 9, 2018 or promptly following a ruling on Plaintiff's motion for a new trial (Dkt. No. 33). Plaintiff failed to comply with the court's order.

In July 2019, this court  court became aware that Plaintiff had failed to file a status report and that there had been no activity in the case for close to a year. By this time, the alleged incident that is the basis of the Plaintiff's complaint had occurred more than five years earlier. The court scheduled a status conference on August 8, 2019 (Dkt. No. 35). In advance of the conference, Plaintiff filed a notice stating that his motion for a new trial had been denied on October 4, 2018 (Dkt. No. 36). At the status conference, the court denied Plaintiff's request for a further extension of the stay of discovery and directed the parties to file a joint proposal for a revised pretrial schedule (Dkt. No. 38).

On August 28, 2019, the court entered a revised scheduling order that required service of initial written discovery requests by October 25, 2019 and completion of non-expert discovery by February 28, 2020 (Dkt. No. 40). On November 6, 2019 and January 3, 2020, the defendants inquired by email about the status of Plaintiff's discovery responses. Plaintiff did not respond (Dkt. No. 53 at 2). At a March 4, 2020 case management conference, after hearing from the

parties about the status of discovery, the court granted the parties' joint request to further revise the deadlines in the scheduling order, extending the time for completion of non-expert discovery to June 29, 2020, and notifying the parties that there would be no further extensions of the deadlines (Dkt. No. 45). In March 2020, Plaintiff's counsel asked that defendants' discovery requests be reduced and consolidated. Defendants re-served written discovery on Plaintiff on or around March 23, 2020 (Dkt. No. 49 at 2). On or around April 30, 2020, defense counsel renewed her inquiries about Plaintiff's discovery responses. She did not receive a response. On or around May 7, 2020, defense counsel sent another email inquiring about the status of Plaintiff's discovery responses. Although counsel for the parties communicated on May 7, 2020, Plaintiff's counsel did not follow through on the representation he made that day that he would serve discovery responses by May 15, 2020. On May 28, 2020, defense counsel asked again about the status of Plaintiff's discovery responses. Plaintiff's counsel did not respond (Dkt. No. 53 at 3).

On June 1, 2020, the defendants filed a motion to compel Plaintiff to serve his discovery responses (Dkt. No. 49). Plaintiff failed to file a timely opposition. The court converted the scheduled case management conference to a status conference, which it held on July 6, 2020. Counsel for all parties appeared. At the conference, the defendants expressed their intention to file the instant motion to dismiss the case for lack of prosecution (Dkt. No. 52). Plaintiff timely filed an opposition (Dkt. No. 54).

Plaintiff finally served his responses to defendants' interrogatories on or around July 15, 2020 and his responses to the defendants' document production requests on or around July 24, 2020 (Dkt. No. 54 at n.1).

II.     Discussion

4

The defendants' motion to dismiss this case with prejudice for failure to prosecute must surmount a high hurdle because controlling case law favors the disposition of cases on their merits. *See, e.g., Pomales v. Celulares Telefonica, Inc.*, 342 F.3d 44, 48 (1st Cir. 2003) (citing *Ortiz-Anglada v. Ortiz-Perez*, 183 F.3d 65, 66 (1st Cir. 1999)). According to the United States Court of Appeals for the First Circuit, "'dismissal for want of prosecution is a unique and awesome [sanction]' to which courts should not resort lightly." *Keane v. HSBC Bank USA for Ellington Tr., Series 2007-2*, 874 F.3d 763, 765 (1st Cir. 2017) (quoting *Pomales*, 342 F.3d 44, 48 (collecting cases)). "[D]ismissal is appropriate 'in the face of extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstances." *Id.* (quoting *Pomales*, 342 F.3d at 48) (internal quotation marks omitted). Nonetheless, "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962). It is well-established that repeated disregard of a court's scheduling orders is inherently prejudicial, *see Robson v. Hallenbeck*, 81 F.3d 1, 4 (1st Cir. 1996), and that "'litigants[] [have an] unflagging duty to comply with *clearly communicated* case management orders.'" *Garcia-Perez v. Hosp. Metropolitano*, 597 F.3d 6, 8 (1st Cir. 2010) (per curiam) (quoting *Velázquez Linares v. United States*, 546 F.3d 710, 711-12 (1st Cir. 2008)). "'[N]o precise rule can be laid down as to what circumstances justify a dismissal for failure to prosecute but the procedural history of each case must be examined in order to make such a determination.'" *Richman v. Gen. Motors Corp.*, 437 F.2d 196, 199 (1st Cir. 1971) (quoting *Davis v. Operation Amigo, Inc.*, 378 F.2d 101, 103 (10th Cir. 1967)).

In support of their motion, the defendants rightly focus on Plaintiff's repeated and persistent failures to engage in discovery, and the resulting inordinate delay in addressing claims

arising from events that occurred in April 2014.  According to the docket, this case was filed two days before the three-year statutes of limitations expired on Plaintiff's claims under 42 U.S.C. § 1983 and related state law tort claims.  By the time the complaint was served, Plaintiff's encounter with the police was already some three years in the past (Dkt. Nos. 1, 5, 6).  Plaintiff delayed in complying with the deadlines in the scheduling order from the outset (Dkt. No. 18), requested a stay in discovery and repeatedly sought its extension, then violated a court order requiring him to file an October 2018 status report informing the court and the defendants about the status of his state court case, which was the justification for the stay (Dkt. No. 33).  Without any valid excuse, Plaintiff continued to drag his heels even after the court warned the parties that the court did not intend to further extend the deadlines for completing discovery.  Given that Plaintiff's delays were in serving responses to interrogatories and document production requests, the COVID-19 pandemic is not a significant factor in mitigation.

There is no question that Plaintiff's conduct merits a sanction, but, in the court's view, it does not merit the extreme sanction of dismissal with prejudice.  "To begin with, [this court] cannot say that [P]laintiff's cause of action is … lacking in substance." *Richman*, 437 F.2d at 199.  While there is presumably a dispute about the events at issue, there does not appear to be much dispute that Plaintiff was seriously injured during an April 26, 2014 encounter with a Springfield police officer (Compl. ¶¶ 28, 53-55 & Exh. 1).[1]  The court gives this factor some weight in its recommendation against dismissal.

Second, while complaining generally about the delay, the defendants have not identified in specific terms any prejudice they are likely to suffer arising from that delay apart from the cost

---

[1] While Plaintiff was convicted of resisting arrest in connection with the incident on April 26, 2014, he has since been granted a new trial on this conviction.  Plaintiff has not informed the court whether the Hampden County District Attorney intends to retry the resisting arrest charge.

of filing their motions to compel Plaintiff's compliance with his discovery obligations and the instant motion (Dkt. No. 53 at 6). Plaintiff allegedly filed a written complaint about the incident with the Springfield Police Department in January 2017, and, Plaintiff alleges, conducted an (inadequate) internal investigation at that time (Compl. ¶¶ 80-81). Thus, the defendants were on notice and had the opportunity and, in theory, the need, to gather information about the incident at that time in aid of addressing Plaintiff's internal affairs complaint. *See Velazquez-Rivera v. Sea-Land Servs., Inc.*, 920 F.2d 1072, 1078 (1st Cir. 1990) (reversing the trial court's dismissal of a case for failure to prosecute where there was no evidence of prejudice to the opposing party in its ability to defend the case on substantive terms).

Third, while the cumulative delay here is measured in years, it is in the order of some two rather than five years, and some of that time is attributable to the stay the court issued pending a state trial court decision on Plaintiff's new trial motion. The defendants did not oppose Plaintiff's request for a stay in discovery (Dkt. No. 28). When Plaintiff's attorneys failed to file the status report that they were ordered to file by October 9, 2018 or promptly following a ruling on Plaintiff's motion for a new trial, they violated an unambiguous court order, and they bear responsibility for this failure and the fact that the case languished for close to a year. Nonetheless, the defendants did not raise the omission by a filing with the court, nor did they move for a conference to address the status of the case. The defendants had no obligation to bring the case to the court's attention in the face of Plaintiff's delay and inaction while the stay remained in effect, but they had the option to do so.

Finally, Plaintiff's lawyers obviously should have paid attention to defense counsel's repeated and diligent efforts to make progress with discovery. To the extent they seek to shift blame for the delay to defense counsel, the effort is wholly unpersuasive (Dkt. No. 54 at 2).

Plaintiff seeks to recover damages by this lawsuit and he is responsible for pressing his claims. *See Damiani v. R.I. Hosp.*, 704 F.2d 12, 16 (1st Cir. 1983). Blame for the fact that discovery has barely begun more than three-and-a-half years after Plaintiff filed this case and more than six-and-a half years after the incident that is the basis of the complaint rests principally with Plaintiff's counsel. Nonetheless, although it is well-settled that a party is bound by the mistakes of his attorney, *see, e.g., Diaz-Colon v. Diaz*, 291 F.R.D. 27, 31 (D.P.R. 2013) (citing *Chestnut v. City of Lowell*, 305 F.3d 18, 26 (1st Cir. 2002)), it would not sit well with this court to recommend that Ramos be sanctioned by the extreme sanction of dismissal of his claims. *Cf. Diaz-Colon*, 291 F.R.D. at 30-31. During the hearing on the defendants' motion, defense counsel pointed to the representation by Plaintiff's attorney that the attorney was unable to reach Plaintiff in June and July 2020 as indicating that Ramos was not personally committed to pursuing his claims (Dkt. No. 54 at 2). According to Plaintiff's attorneys, their client lost his housing in December 2019 and his cell phone service in March 2020 (Dkt. No. 54 at 2). In view of Plaintiff's personal circumstances and apparent financial hardship, it is understandable that Ramos would rely on his attorneys, who are experienced in this area of the law, to represent him zealously. "In addition … this is not a case where … [P]laintiff received and ignored earlier warnings of the consequences of the misconduct in question." *Velezquez-Rivera*, 920 F.2d at 1078.

For these reasons, this court recommends that the court exercise its discretion to deny defendants' request to dismiss the instant case for failure to prosecute.

In support of their motion, the defendants argued that a sanction short of dismissal would not be sufficient or effective (Dkt. No. 53 at 6). While this court disagrees that dismissal is called for, it agrees that sanctions are warranted. The court has authority to award sanctions in

the instant case pursuant to Fed. R. Civ. P. 37(5) for Plaintiff's violations of discovery orders and 28 U.S.C. § 1927, which authorizes the imposition of sanctions against an attorney "'who so multiplies the proceedings in any case unreasonably and vexatiously.'" *Lamboy-Ortiz v. Ortiz-Vélez*, 630 F.3d 228, 245 (1st Cir. 2010) (quoting 28 U.S.C. § 1927). "Litigation qualifies as 'vexatious' if it is 'harassing or annoying, regardless of whether it is intended to be so.'" *Id.* (quoting *Cruz v. Savage*, 896 F.2d 626, 632 (1st Cir. 1990)). "[S]ection 1927 does not apply to '[g]arden variety carelessness or even incompetence,' but instead requires that the 'attorney's actions … evince a studied disregard of the need for an orderly judicial process, or add up to a reckless breach of the lawyer's obligations as an officer of the court.'" *Id.* at 245-46 (quoting *Jensen v. Phillips Screw Co.*, 546 F.3d 59, 64 (1st Cir. 2008)). Disobedience of court orders, including scheduling orders, in and of itself, constitutes extreme misconduct. *Vallejo v. Santini-Padilla*, 607 F.3d 1, 8 (1st Cir. 2010) (quoting *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002); citing *Rosario-Diaz v. Gonzalez*, 140 F.3d 312, 315 (1st Cir. 1998)).

Plaintiff's disregard for the court's scheduling orders, unreasonable delay in responding to the defendants' interrogatories and document production requests despite repeated requests for those discovery responses, and the violation of the court's order to file a timely report concerning the resolution of Plaintiff's new trial motion have inordinately delayed resolution of this case and unnecessarily burdened opposing counsel and the court. These shortcomings are more than garden variety carelessness and warrant the imposition of sanctions on Plaintiff's counsel. The defendants, who are represented for the most part by the City of Springfield's law department, did not request an award of fees and costs as an alternative to dismissal of this case with prejudice (Dkt. No. 53 at 6). This court has an "independent interest in administering its docket. That interest is strong, and the court's efforts at stewardship are undermined where, as here, a

party cavalierly flouts the court's scheduling orders" and otherwise fails to comply with court orders intended to move a case forward on a reasonable schedule. *Tower Ventures, Inc.*, 296 F.3d at 46. A monetary sanction of $1,000 payable by Plaintiff's attorneys would serve as a reminder of their responsibility to the court, and, it is hoped, inspire adherence to deadlines in the future. For these reasons, the undersigned recommends that Plaintiff's counsel be sanctioned $1,000, payable to the court.[2]

III.   Conclusion

For the foregoing reasons, I recommend that the defendants' motion to dismiss Plaintiff's claims with prejudice for failure to prosecute be DENIED. I further recommend that the court assess a sanction of $1,000, payable by Plaintiff's attorneys to the Clerk of Court.[3]

Dated: December 10, 2020                    Katherine A. Robertson
                                            KATHERINE A. ROBERTSON
                                            U.S. MAGISTRATE JUDGE

---

[2] At the October 29, 2020 hearing on the defendants' motion to dismiss, the court set an aggressive schedule for completion of discovery that included limiting the number of depositions Plaintiff could take. *See* Local Rule 26.1(c).

[3] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of service of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.